(Reap. Dec. 9261)

H. A. GOGARTY, INC., a/c NIFE, INC. v. UNITED STATES

Entry No. 838048–1/7, etc.

(Decided November 25, 1958)

*Lane, Young & Fox* for the plaintiff.

*George Cochran Doub*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: The appeals for a reappraisement enumerated in schedule "A," attached to and made part of the decision herein, have been consolidated for determination.

The parties hereto have entered into a stipulation of fact, which reads as follows:

1. That on the respective dates of exportation each Nife Battery was freely offered for sale for home consumption to all purchasers in the principal markets of Sweden, the country of exportation, in the usual wholesale quantities, in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition, packed, ready for shipment to the United States, at the prices stated in Schedule A.

2. That the prices for such or similar merchandise offered for sale for exportation to the United States were not higher than the respective prices stated in Paragraph 1 above.

3. That the appeals for reappraisement as to any and all merchandise not stated in Schedule A are hereby abandoned.

Upon the record before the court, I find and hold that foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930 (19 U. S. C. § 1402 (c)), as amended by the Customs Administrative Act of 1938, is the proper basis for determining the value of the Nife batteries and parts in controversy, and that said value is as set forth in schedule "A," attached to and made part of the decision herein. As to all other merchandise, the appeals are dismissed.

Judgment will issue accordingly.